UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20982-RAR

TOBY BEKERMAN

Plaintiffs,

v.

CELEBRITY CRUISE INC.
a foreign Corporation, with its base of operations and principal place of business in Miami-Dade County, Florida and division of ROYAL CARIBBEAN CRUISES, LTD.

Defendant.
____________________________________/

**DEFENDANT CELEBRITY CRUISES INC.**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CELEBRITY CRUISES INC., (hereinafter referred to as Defendant), by and through undersigned counsel hereby asserts its answer and affirmative defenses to Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

1. Admitted.

2. Admitted.

3. Denied. Defendant is a wholly owned subsidiary of ROYAL CARIBBEAN CRUISES LTD. Its principal place of business is in Miami-Dade County, Florida.

4. Admitted.

5. Admitted.

6. Defendant admits it operated the subject vessel but denies that it owned the vessel.

7. Admitted.

8. Defendant admits Plaintiff reported a fall on the vessel. Moreover, she stated to ship medical staff, that "someone cut her off while walking in the open deck and she fell down on her left hip and now it hurts."

9. Denied.

10. Denied.

11. Denied.

12. Defendant admits Plaintiff reported a fall on the vessel and was transported to the medical facility.

13. Admitted.

14. Plaintiff reported pain of 5 on a scale of 10; and the ship's medical staff performed a physical examination of Plaintiff. The remainder is denied, as further investigation continues.

15. Unknown, therefore denied.

16. Unknown, therefore denied.

17. Admitted.

18. Admitted.

19. Admitted.

## **COUNT I: NEGLIGENCE**

Defendant restates paragraphs one through 19.

20. Denied including all subparts.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**COUNT II: NEGLIGENT MEDICAL CARE AND TREAMTENT VIA EMPLOYEES OR ACTUAL AGENTS**

Defendant restates paragraphs one through 19.

29. Denied.

30. Denied including all subparts.

31. Denied as phrased.

32. Admitted.

33. Admitted.

34. Denied as phrased.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**COUNT III: NEGLIGENCE (VICARIOUS LIABILITY_OF CELEBRITY BASED UPON APPARENT AGENCY)**

Defendant restates paragraphs one through 19.

40. Denied.

41. Denied including all subparts.

42. Denied as phased.

43. Denied as phrased.

44. (a) Admitted.

(b) Admitted.

(c) Admitted.

(d) Admitted.

(e) Admitted.

45. Admitted.

46. (a) Admitted.

(b) Unknown, therefore denied.

(c) Admitted.

(d) Admitted.

(e) Admitted.

(f) Admitted.

(g) Admitted.

(h) Denied.

(i) Admitted.

(j) Admitted.

47. Unknown therefore, denied.

48. Admitted.

49. Denied as phrased.

50. Admitted.

51. Admitted.

52. Denied.

53. Admitted.

54. Unknown, therefore, denied.

55. Unknown, therefore, denied.

56. Denied.

**57.** Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's own negligence may have contributed to the subject incident and her injuries, and therefore, any award to the Plaintiff must be reduced pursuant to the principles of comparative negligence.

2. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage and the Defendant adopts and incorporates same in its entirety to its answer by reference.

3. Plaintiff may have failed to follow the advice of her doctors and may have failed to otherwise mitigate her damages; therefore, the Plaintiff's recovery, if any, must be reduced in accordance with the principles of contributory and/or comparative negligence.

4. Plaintiff's claims are governed by maritime law and any recovery is limited by general maritime law.

5. Plaintiff's injuries are limited to association of a pre-existing condition, if any, and are limited to the degree of aggravation of these injuries.

6. The Plaintiff's claims are barred inasmuch as the Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of

injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed herself to it.

8. To the extent that Plaintiff is entitled to recover damages, which Defendant expressly denies, Plaintiff should be precluded from (1) collecting damages for medical expenses "written off," or otherwise reduced, by medical providers and, therefore, from (2) presenting as evidence of damages those medical charges that were "written off" or otherwise reduced.

9. Defendant alleges that any negligence alleged on behalf of Defendant, the existence of which Defendant expressly denies, was not the proximate cause of Plaintiff's injuries, if any, and as such, no liability exists.

10. Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Defendant had no duty to protect Plaintiff from.

11. Plaintiff has failed to allege the property duty of care in Counts II and Count III. Defendant only owes Plaintiff the duty of reasonable care under the circumstances.

12. Plaintiff's past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written off, not submitted and which Plaintiff was not required to pay.

13. Defendant reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

DATED: July 1, 2024

Respectfully submitted,

By: s/ **RANDY S. GINSBERG**
Randy S. Ginsberg
Fla. Bar # 185485
rginsberg@rccl.com

CELEBRITY CRUISE INC.
1080 Caribbean Way
Miami, Florida 33132
Telephone: (305) 539-6327
Attorney for Defendants

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20982-RAR

TOBY BEKERMAN

Plaintiffs,
v.

CELEBRITY CRUISE INC.
a foreign Corporation, with its base of operations and principal place of business in Miami-Dade County, Florida and division of ROYAL CARIBBEAN CRUISES, LTD.

Defendant.
___________________________________/

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Filing.

s/ **RANDY S. GINSBERG**
RANDY S. GINSBERG

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20982-RAR

TOBY BEKERMAN

Plaintiffs,

v.

CELEBRITY CRUISE INC.
a foreign Corporation, with its base of operations and principal place of business in Miami-Dade County, Florida and division of ROYAL CARIBBEAN CRUISES, LTD.

Defendant.

____________________________________/

**SERVICE LIST**

| | |
|---|---|
| MICHAEL F. GUILFORD<br>mfguilford@crewcounsel.com<br>Michael F. Guilford, P.A.<br>5800 S.W.108TH St.<br>Miami, FL 33156<br>(305)539-1999<br>(305) 539-1998 Fax<br><br>*Attorneys for Plaintiff* | RANDY S. GINSBERG<br>rginsberg@rccl.com<br>CELEBRITY CRUISES INC.<br>1080 Caribbean Way<br>Miami, Florida 33132<br>(305) 539-6327 Tel.<br>(305) 539-4457 Alt. Tel.<br>*Attorneys for Defendant* |